The Chancellor.
If the debt secured by this mortgage is Mill subsisting, the lands last conveyed are liable to be first sold .A> pay it. So far, then, as relates to this mortgage debt, and rhe -estate of the mortgagor, and the rights of Henderson as Against that estate, the administrator of tlio mortgagor could "/lily sell the three tracts, subject to the whole mortgage. These tkree tracts were, in the hands of the purchaser from the mortgagor5 s administrator, subject to the same equity in favor of Henderson that they were subject to in the hands of the morgagor. I think Henderson is entitled to relief. Without putting the •vei-ion of the Court on his ignorance, but charging him with full knowledge of the mode of proceeding in a foreclosure suit, and allowing him full knowledge of his equities, as we must also do, he had just grounds for relying that such course would bo baken as to subject the three tracts last conveyed to be first sold; and it appears to me that, on the facts stated in the bill .and the decree as it stands, it would have been proper for the "omplainant’s solicitor to direct the sheriff to sell those three bracts first. But, it seems, the Smiths now make difficulty; and Henderson seems to have just ground to apprehend that his bfuci may he sold first. The question is as to the mode in -winch relief can he extended to Henderson. I say to Henderson. for I see no principle on which any relief can be extended 3k die Smiths. Indeed they have asked none. But if they had, ■she only relief they could have asked would have been the open.rjrjgof the decree, and permitting them to answer and set up kh&t the debt was paid. On what ground could they ask the £\>urt to open the decree I They appeared and demurred to the hill, and after their demurrer was overruled failed to answer. *36 Nay, they say they intended to answer, and would have done so and have set up that the mortgage was paid, if they had not thought they had made an arrangement with the complainant’s solicitor that Henderson’s tract should he sold first. Now, the only defence that would have answered their pinpose would have heen that the mortgage had been paid; and if they had so little confidence in that defence, or so little regard for the rights of Henderson, as, instead of answering, to take their chance of inducing the sheriff, or the complainant’s solicitor, to sell Henderson’s tract first, I do -not see that the Court ought, or that it can, on any recognized principle in regard to opening decrees, open this decree in their favor. I do not see that, at present, there is any need of inflicting on either of the parties the expense of opening the decree, or of a reference. The hill states the facts sufficiently, and, as against the Smiths, it should stand as confessed. I see no objection to making an order on the sheriff to sell the three tracts last conveyed first. There can he no doubt they will bring enough to pay the debt. If they should not, the matter may he again agitated, and the Court will decide whether the decree shall he opened to let Henderson in to defend. If it he said, on the part of the Smiths, that the Court should not interfere at all, unless it opens the decree and gives them an opportunity to defend : I do not think they stand in a position to ask that of the Court.
Order accordingly.